# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DUFFY,<br><br>    Plaintiff,<br><br>v.<br><br>LOS BANOS UNIFIED SCHOOL DISTRICT; STEVE TIETJEN; RYAN HARTSOCH; DANIEL SUTTON; VELI GURGEN; and DOES 1-10,<br><br>    Defendants. | **Case No. 1:15-cv-00423-EPG**<br><br>**ORDER DENYING IN PART PLAINTIFF'S MOTION IN LIMINEA AND INVITING FURTHER BRIEFING**<br><br>(ECF No. 85) |

    This First Amendment retaliation action is set for trial on October 10, 2017.

    Plaintiff has filed a motion *in limine* requesting the Court to exclude any evidence or argument that he did not speak out on an issue of public concern. (ECF No. 85). Plaintiff argues that "[i]t is beyond dispute that his comments at the August 9, 2012 public meeting of the Los Banos Unified School Board were regarding a matter of public concern, and any evidence or argument to the contrary would only confuse and unnecessarily complicate these proceedings and be inadmissible under Federal Rule of Evidence 403." Plaintiff requests the Court to "instruct the jury at trial that this element of the plaintiff's claim has been satisfied."

    As detailed in the Court's September 5, 2017 order denying Defendants' summary

1

judgment, Plaintiff must demonstrate in the first element of a First Amendment retaliation claim that he "spoke on a matter of public concern." (ECF No. 76, pp. 6-7, citing *Dahlia v. Rodriguez*, 735 F.3d 1060, 1067 (9th Cir. 2013) (outlining the five-step test to evaluate whether a government employee's speech is entitled to First Amendment protection)).

Defendants filed a motion for summary judgment on June 5, 2017, asking in part for summary adjudication that "Plaintiff Duffy's claims against Defendants [are] precluded because his statements at the August 2, 2012 Board meeting did not address a matter of public concern." (ECF No. 60, at p. 1). Plaintiff opposed Defendants motion, but did not cross-move for summary judgment. (ECF No. 64).

The Court denied Defendants' motion for summary judgment. With respect to the public concern element, this Court held in the September 5, 2017 order, that "Defendants have failed to establish that Plaintiff's speech was not a matter of public concern entitled to First Amendment protection." (ECF No. 76, p. 9). However, neither that order, nor any other order entered by the undersigned judge in this case, has yet held that Plaintiff has affirmatively established that he spoke on a matter of public concern at the August 9, 2012 public meeting of the Los Banos Unified School Board. Plaintiff has not yet requested the Court to make such a ruling.

Plaintiff's motion in limine must be denied at this time because there is not yet a legal ruling that Plaintiff has established the element of his case that his speech was a matter of public concern. A motion in limine is not the appropriate vehicle for such a ruling. Plaintiff must either establish this element by seeking a ruling by this Court or by the jury. While it appears that the Court's ruling on Defendants' motion for summary judgment was based on facts that are undisputed, i.e., the content of the speech, the location and context of the speech, and Plaintiff's role at the time, the Court has not been asked to make such a ruling.

Accordingly, the Court DENIES Plaintiff's motion *in limine* requesting the Court to

2

"instruct the jury at trial that this element of the plaintiff's claim has been satisfied."

Nonetheless, the Court will entertain further briefing on this issue in order to streamline the issues to be adjudicated at trial.

By October 3, 2017, Plaintiff may file a motion, jointly with Defendants or individually, requesting the Court to make a legal ruling that no genuine issue of material fact exists as to whether Plaintiff spoke on a matter of public concern at the August 9, 2012 public meeting of the Los Banos Unified School Board.

By October 5, 2017, Defendants may file an opposition to the motion if they choose to do so.

IT IS SO ORDERED.

Dated: **September 28, 2017**     /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE